Ruffin, C. J.
 

 The evidence is entirely satisfactory upon the point of the execution of the administration bond, by the several persons stated in the bill, and the minutes of the Court. The Clerk of the Court says, he has no doubt it was duly executed and was payable to the Justices of the County Court, as that was then the form used in the Court. He states likewise, that while the suit at law was pending, Davis and he were looking at the bond, when Davis called his attention to the circumstance, that the names of the obligors, who had executed the bond, were not inserted in the body of it, and that he, the witness, then wrote their names in the bond, considering it his duty to do so. As a security to the present plaintiffs the instrument cannot be affected by that act of the Clerk, who was a stranger to them. Besides, if the Clerk had destroyed the bond, or if it were originally defective, the • plaintiffs would still be relieved in this Court to the extent, to which they could have remedy, on the bond at la\V, if it were valid and in existence.
 
 Armstead
 
 v.
 
 Bozman,
 
 1 Ire. Eq. 117.
 

 Thei'e appeared upon the evidence at the heai'ing some, though not very strong, cause to suspect, that the plain
 
 *421
 
 tiff. Davis, might have suppressed the bond. Although the jurisdiction of this Court upon lost bonds is assumed upon the grounds of the oath of the party as to the loss and of the indemnity decreed, as explained in the case of
 
 Fisher
 
 v.
 
 Carroll,
 
 at this term, yet we conceive the Court would not be bound nor at liberty to help an obligee, if it should appear affirmatively, that, instead of losing the bond, he had destroyed or suppressed it. An enquiry was therefore directed on that point; and it has resulted in satisfying the Court, that there is no just reason to impute to that or either of the plaintiffs the charge of destroying or concealing the instrument, but that it has been in fact lost or mislaid — the present and late Clerks having stated, that they were unable to find it in the office and had no knowledge where it is.
 

 It must be declared, therefore, that William Wilkinson and the other defendants duly executed the administration bond in the penalty of of $10,000 and that, in consequence of its being lost, the plaintiffs are entitled to relief therein against the obligors in this Court for the sums due to them as next of kin of the intestate, within the penalty of the bond. And it must be referred to the Clerk to enquire, what sums may be due to the plaintiffs respectively in the premises.
 

 Per Curiam.
 

 Decree accordingly.